IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| DAPHNE LOWRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 2:13-CV-159 |
| ) | |
| NATIONWIDE MUTUAL FIRE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion to Dismiss" filed by defendant [doc. 4]. Defendant seeks dismissal of the claim for bad faith asserted pursuant to Tennessee Code § 56-7-105. Plaintiff has not filed a response to the motion, and the time for doing so has elapsed. *See* E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be granted in part and denied in part.

I.

*Background*

The complaint in this matter was originally filed in the Law Court for Sullivan County, Tennessee and was removed to this court by defendant [doc. 1]. Plaintiff alleges in the complaint that she has a home owner's insurance policy with defendant, which she has maintained since she purchased the home approximately two years ago. According to the complaint, on August 3, 2012, a severe thunder storm occurred in the area of plaintiff's home. Lightening struck utility transformers on poles adjoining plaintiff's property and lightening struck her property causing the foundation wall of the home to collapse. Plaintiff alleges that the residence has become unuseable because it sustained severe damage. The complaint also alleges that plaintiff was insured for fire and lightening damages and that defendant has refused to pay on the policy. In addition, the complaint alleges that the Defendant acted in bad faith and that defendant should have to pay the bad faith penalty called for in Tennessee Code § 56-7-105.

II.

*Standard of Review*

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must

2

"construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570, 556). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

III.

*Analysis*

<u>Bad Faith Claim Pursuant to
Tennessee Code § 56-7-105</u>

Defendant seeks dismissal of plaintiff's bad faith failure to pay claim brought

3

under Tennessee Code § 56-7-105. Defendant asserts that the complaint fails to state a claim under this statutory provision because plaintiff does not allege that proper demand for payment was made and that plaintiff waited 60 days before filing suit. The claim is also deficient according to defendant because plaintiff has not alleged facts demonstrating that defendant's denial was not made in good faith. As referenced above, plaintiff has not responded to the motion, so she has offered no argument or authority to counter defendant's contentions.

The only allegation in the complaint concerning plaintiff's bad faith claim is that defendant has refused to pay on the policy and that "the Defendant has acted in bad faith and should be required to pay the bad faith penalty as provided in T.C.A. [§] 56-7-105." No other factual allegations are presented. These statements are not sufficient to state a claim for bad faith failure to pay under Tennessee Code § 56-7-105.

To sustain a claim and recover under the statute, a plaintiff must allege: "(1) that the policy became due and payable under its terms; (2) the insured made a formal demand for payment; (3) sixty days passed from the date of making the demand, unless the insurer refused to pay the claim prior to the passage of sixty days; and (4) the refusal to pay was in bad faith." *Taylor v. Standard Ins. Co.*, No. 08-2585 V, 2009 WL 113457, at *5 (W.D. Tenn. Jan. 13, 2009) (citing *Minton v. Tenn. Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992)). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some

4

viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534-35 (6th Cir. 2012) (emphasis omitted) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).

Plaintiff has not identified the elements of the statutory bad faith claim and has not provided allegations concerning any of the required elements. All plaintiff offers are the statements that defendant has refused to pay the claim under the policy and that defendant acted in bad faith. Factual allegations concerning how defendant's failure to pay was in bad faith are not set forth in the complaint. Not every refusal to pay on a loss supports recovery of the bad faith penalty. *Bowery v. Berkshire Life Ins. Co.*, No. 3:11-CV-03, 2013 WL 1497339, at *9 (E.D. Tenn. April 11, 2012) (citing *Sisk v. Valley Forge Ins., Co.*, 640 S.W.2d 844, 852 (Tenn. Ct. App. 1982)).

Plaintiff also makes no allegations in the complaint regarding the required formal demand or 60-day period. The purposes for the formal demand under the statute are: "(1) the insurance company has an opportunity to investigate the insured's claim and loss; (2) the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim, if the disputed claim is not paid, and (3) 60 days has expired after the insured give such notice before filing suit." *Hampton v. Allstate Ins. Co.*, 48 F. Supp. 2d 739, 747 (M.D. Tenn. 1999). By not making the necessary allegations concerning the formal demand and 60 period, plaintiff has failed to state a claim under the statute.

Further, plaintiff's statement that defendant acted in bad faith is no more than a legal conclusion that is insufficient to state a claim for relief. *Boland*, 682 F.3d at 534 ("Mere legal assertions and conclusions contained in the complaint need not be accepted as true."); *see also Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011) ("[P]laintiff's allegations . . . are exposed as little more than legal conclusions couched as factual allegations and need not be accepted as true under Rule 12(b)(6) scrutiny.") (internal quotation marks and citation omitted). As noted above, plaintiff has not presented factual assertions that indicate defendant's failure to pay was not in good faith. Accordingly, plaintiff has not stated a claim for bad faith failure to pay under Tennessee Code § 56-7-105, and that claim will be dismissed.[1]

## Request for Final Judgment Pursuant to Rule 54(b)

In its motion, defendant requests pursuant to Fed. R. Civ. P. 54(b) that this court enter a final judgment as to the bad faith claim. The entire reference to this request in both defendant's motion and supporting memorandum consists of the following statement:

---

[1] Since plaintiff did not respond to defendant's motion, she has not sought leave to amend the complaint. Leave to amend is not called for under such circumstances. *See Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991) ("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought."); *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012) ("[I]f a party does not file a motion to amend or a proposed amended complaint in the district court, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.") (quoting *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011)); *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 556 (6th Cir. 2011) ("Plaintiffs having failed to present the issue of amendment, we discern no abuse of discretion in the district court's decision to dismiss their claims with prejudice.").

"Defendant also respectfully requests that the Court direct the entry of final judgment as to the bad faith claim based on the express determination that there is no just reason for delay as provided in Rule 54(b) of the Federal Rules of Civil Procedure." Defendant cites to no authority and makes no argument in support of this request. For the reasons discussed below, the request will be denied.

"Federal Rule of Civil Procedure 54(b) allows a district court to enter a final judgment 'on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 429-30 (6th Cir. 2008) (footnote omitted) (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)). It is within the court's discretion to determine whether a final judgment should be entered. *See Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986).

> Rule 54(b) was a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise what should be treated as a judicial unit for purposes of appellate jurisdiction. The rule was designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action, where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all. It attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. By utilizing Rule 54(b), a district court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims or for fewer than all the parties.

*Id.* at 1282 (internal quotation marks and citations omitted) (emphasis in original). The Sixth

7

Circuit has established a non-exhaustive list of factors that the district court should consider when deciding whether to certify a judgment as final. These factors include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id*. at 1283. Defendant has not identified or argued the application of any of these factors. The sole reason offered by defendant for a final judgment is one sentence stating that there is "no just reason for delay." This is not sufficient. *Pittman*, 282 F. App'x at 430 (The Sixth Circuit "has previously indicated that in order to avoid a finding of abuse of discretion in the certification of an issue for appeal pursuant to Rule 54(b), the district court should do more than just recite the Rule 54(b) formula of 'no just reason for delay.'") (citing *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003)).

Furthermore, "Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel." *Corrosioneering*, 807 F.2d at 1282 (citations omitted). "The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id*. (internal

8

quotation marks and citations omitted).

Defendant has not provided sufficient justification for the court to certify the bad faith judgment as final. Moreover, this case does not appear in any way to fit within the purposes of Rule 54(b), and based upon the information provided to the court, a detailed review of the relevant factors is unwarranted. Thus, defendant's motion will be denied as to its Rule 54(b) request.

IV.

*Conclusion*

Accordingly, for the reasons set forth herein, defendant's motion to dismiss will be granted in part and denied in part. The motion will be granted as to dismissal of plaintiff's bad faith claim. The motion will be denied as to defendant's request pursuant to Rule 54(b) to make the judgment final. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge